```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT BLUEFIELD
```

UNITED STATES OF AMERICA

v.                                    CRIMINAL NO. 1:12-00123-001

BENJAMIN JAMALLE LANE

### MEMORANDUM OPINION AND ORDER

In Charleston, on February 28, 2017, came the defendant, Benjamin Jamalle Lane, in person and by counsel, Debra A. Kilgore; came the United States by Timothy Boggess, Assistant United States Attorney; and came United States Probation Officer Patrick M. Fidler, for a hearing on the petition to revoke the defendant's term of supervised release.

The court informed the defendant of the alleged violations contained in the petition to revoke the term of supervised release, filed on January 17, 2017.  The court advised the defendant that, pursuant to Rule 32.1(b) of the Federal Rules of Criminal Procedure, he has the right to a hearing and assistance of counsel before his term of supervised release could be revoked.  Whereupon the defendant admitted the conduct as alleged in the petition.  Accordingly, based on defendant's admissions, the court found the charges were established by a preponderance of the evidence.

Having heard arguments of counsel, the court found that the Guideline imprisonment range for the revocation of supervised release upon such grounds was eight to fourteen months.  The

court further found that the Guideline ranges issued by the Sentencing Commission with respect to revocation of probation and supervised release are policy statements only and are not binding on the court.  Thus, the court stated that the relevant statutory provision is 18 U.S.C. § 3583(e)(3), which provides a maximum term of imprisonment of two years.  Neither party objected to the Guideline range and statutory penalty as determined by the court.

The court found that there was sufficient information before the court on which to sentence defendant without updating the presentence investigation report.

For reasons placed on the record at the hearing, counsel for defendant asked the court to hold the proceeding in abeyance in order to allow defendant to receive treatment for his substance abuse problem while residing at Dismas Charities for a period of six months.  While residing at Dismas, defendant will undergo substance abuse counseling and treatment as directed by his probation officer.  Both the government and the probation office concurred with defendant's request.  Accordingly, the court **ORDERED** the proceeding continued until further order of the court.  Once a placement for defendant at Dismas is imminent, counsel for defendant will file a motion with the court to secure defendant's release from custody so that he might begin residence at Dismas.  The details of defendant's release and mode of

transportation should be discussed with and agreed to by the probation officer prior to filing the motion for release.

The defendant was remanded to the custody of the United States Marshals Service.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record, the United States Marshal for the Southern District of West Virginia, and the Probation Department of this court.

**IT IS SO ORDERED** this 2nd day of March, 2017.

ENTER:

David A. Faber
Senior United States District Judge